# Composite
# Exhibit 1

Case Number:19-002807-CO

Filing # 87638009 E-Filed 04/08/2019 03:40:26 PM

IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

ARIANE BRYAN,
          Plaintiff,

vs.                                      Case No.:

ESA P Portfolio, LLC, a foreign limited liability
company d/b/a Extended Stay America; ESA
Management, LLC, a foreign limited liability
company d/b/a Extended Stay America;
Unknown Defendant #1; and
Unknown Defendant #2,
          Defendant(s).
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ARIANE BRYAN, by and through undersigned counsel hereby sues

Defendant(s), ESA P Portfolio, LLC, a foreign limited liability company d/b/a Extended Stay

America, ESA Management, LLC, a foreign limited liability company d/b/a Extended Stay

America, Unknown Defendant #1, and Unknown Defendant #2, and alleges as follows:

### Introduction

1.     This action is commenced pursuant to the Americans with Disabilities Act, 42

U.S.C. § 12181, et seq. (hereinafter "ADA"), the ADA's Accessibility Guidelines, 28 C.F.R. Part

36 (hereinafter "ADAAG"), in conjunction and alternatively with Chapter 553, Fla. Stat.,

commonly known as the Florida Americans with Disabilities Accessibility Implementation Act

(hereinafter "FL ADAIA"), the Web Content Accessibility Guidelines 2.1, as amended

(hereinafter "WCAG"), and section 508 of the Rehabilitation Act, 36 CFR Parts 1193 and 1194,

as amended (hereinafter "Rehabilitation Act").

2.     Venue is proper pursuant to §47.011 because it is in the county where the

Defendants reside, where the cause of action accrued, or where the property in litigation is located.

3.    Plaintiff, ARIANE BRYAN, resides is Marietta County, Georgia, is *sui juris*, and disabled as defined by the ADA (hereinafter "Plaintiff").

4.    Plaintiff suffers from disability under the ADA and FL ADAIA due to mobility impairment, including but not limited to the use of a wheelchair, and is limited in major life activity by being unable to adequately traverse obstacles and/or walk without assistance. Additionally, Plaintiff suffers from disability under the ADA and FL ADAIA due to vision impairment arising from diabetes.

5.    At all times material hereto and upon information and belief, Defendant, ESA P Portfolio, LLC, a foreign limited liability company d/b/a Extended Stay America, conducted or transacted business under the laws of the state of Florida, and otherwise operated within the jurisdiction of this Court (hereinafter "Defendant ESA P Portfolio").

6.    At all times material hereto and upon information and belief, Defendant, ESA Management, LLC, a foreign limited liability company d/b/a Extended Stay America, conducted or transacted business under the laws of the state of Florida, and otherwise operated within the jurisdiction of this Court (hereinafter "Defendant ESA MGMT")

7.    At all times material hereto and upon information and belief, Defendant ESA P Portfolio is the owner, lessee, lessor, and/or operator of real property and improvements, commonly known as the Extended Stay America, whose physical address is 2311 Ulmerton Road, Clearwater, Florida 33762 (hereinafter the "Property").

8.    At all times material hereto and upon information and belief, Defendant ESA P Portfolio is the owner, operator, sponsor, publisher and/or promoter of the website https://www.extendedstayamerica.com/hotels/fl/tampa ("Website"), which provides to worldwide consumers access to an array of goods and services, including but not limited to the ability to view

images of the Property, accommodations and amenities, learn about the surrounding community, book a reservation, and other exclusive features.

9.     At all times material hereto and upon information and belief, Defendant ESA MGMT is the owner, operator, sponsor, publisher and/or promoter of the website https://www.extendedstayamerica.com/hotels/fl/tampa ("Website"), which provides to worldwide consumers access to an array of goods and services, including but not limited to the ability to view images of the Property, accommodations and amenities, learn about the surrounding community, book a reservation, and other exclusive features.

### COUNT I – Civil Rights Violation of the ADA

10.     Plaintiff realleges and reincorporates the allegations contained in paragraphs 1 through 9 as if fully set forth herein.

11.     Florida attracts people for a variety of reasons, including but not limited to its theme parks, wildlife, restaurants, retailers, museums, beaches, and/or otherwise invites people to tour within the state.

12.     The internet has become a significant source of information, a portal and tool for conducting transactions, such as researching, shopping, and other activities, all of which are open to the public.

13.     The international Websites Standards Organization and World Wide Web consortium published well-established guidelines, namely the WCAG, for web content accessibility to persons with disabilities and are universally followed by most business entities and government agencies.  These guidelines are readily available via the internet so that a business designing a website can easily access the standards, and provide several basic components to incorporate into the website so that persons with disability may have accessibility.

14.     Through the use of the Website, the Defendant ESA P Portfolio offers information to the public concerning the Property and/or surrounding area(s) of interest, and otherwise purposely targets or solicits business from persons located throughout the world for pecuniary gain. The Website provides to the public a wide array of the goods, services, price specials and other accommodations offered by Defendant ESA P Portfolio. Yet, the Website contains access barriers that make it difficult, if not impossible for persons with disabilities to view and/or complete a transaction on the Website.  Thus, the Defendant ESA P Portfolio excludes persons with disabilities, such as the Plaintiff, from the full and equal participation in the growing internet economy that is increasingly a fundamental part of the common marketplace and daily living.  In the wave of technological advances in recent years, computer technology is becoming an increasingly prominent part of everyday life, allowing persons with disabilities to fully and independently access a variety of goods, services and accommodations. The lack of an accessible Website means that persons with disabilities are excluded from experiencing transactions with Defendant ESA P Portfolio's Website and from purchasing goods or services therefrom.

15.     Through the use of the Website, the Defendant ESA MGMT offers information to the public concerning the Property and/or surrounding area(s) of interest, and otherwise purposely targets or solicits business from persons located throughout the world for pecuniary gain.  The Website provides to the public a wide array of the goods, services, price specials and other accommodations offered by Defendant ESA MGMT.  Yet, the Website contains access barriers that make it difficult, if not impossible for persons with disabilities to view and/or complete a transaction on the Website.  Thus, the Defendant ESA MGMT excludes persons with disabilities, such as the Plaintiff, from the full and equal participation in the growing internet economy that is increasingly a fundamental part of the common marketplace and daily living.  In the wave of technological advances in recent years, computer technology is becoming an increasingly

prominent part of everyday life, allowing persons with disabilities to fully and independently access a variety of goods, services and accommodations. The lack of an accessible Website means that persons with disabilities are excluded from experiencing transactions with Defendant ESA MGMT's Website and from purchasing goods or services therefrom.

16.    Defendant ESA P Portfolio uses standards, criteria or methods of administration that have the effect of discriminating or perpetrating the discrimination of a protected class. Because of Defendant ESA P Portfolio's denial of full and equal access to, and enjoyment of, the goods, benefits, services, and privileges of the Website, the Plaintiff, and those similarly situated, has suffered an injury in fact, which is concrete and particularized, actual and is a direct result of Defendant ESA P Portfolio's conduct.

17.    Defendant ESA MGMT uses standards, criteria or methods of administration that have the effect of discriminating or perpetrating the discrimination of a protected class. Because of Defendant ESA MGMT's denial of full and equal access to, and enjoyment of, the goods, benefits, services, and privileges of the Website, the Plaintiff, and those similarly situated, has suffered an injury in fact, which is concrete and particularized, actual and is a direct result of Defendant ESA MGMT's conduct.

18.    A direct nexus exists between the Website and Property because the Website promotes the Property, and therefore must include equal and full enjoyment of the goods and services offered to the public.

19.    Defendant ESA P Portfolio's Property and Website are places of public accommodation within the definition of the ADA, ADAAG, FL ADAIA, WCAG and/or the Rehabilitation Act, and are not exempt.

20.    Defendant ESA MGMT's Property and Website are places of public accommodation within the definition of the ADA, ADAAG, FL ADAIA, WCAG and/or the Rehabilitation Act, and are not exempt.

21.    On or about March 21, 2019, Plaintiff accessed the Defendant ESA P Portfolio's Website to determine whether the Defendant ESA P Portfolio's Property was suitable for Plaintiff's accommodations because Plaintiff desires to visit the area. Plaintiff has friends in the area and intends to relocate in the near future. Thus Plaintiff frequently requires accommodations in this county. However, the inaccessibility of the Defendant ESA P Portfolio's Website has deterred Plaintiff from being able to patronize the Property.

22.    On or about March 21, 2019, Plaintiff accessed the Defendant ESA MGMT's Website to determine whether the Defendant ESA MGMT's Property was suitable for Plaintiff's accommodations because Plaintiff desires to visit the area. Plaintiff has friends in the area and intends to relocate in the near future. Thus Plaintiff frequently requires accommodations in this county. However, the inaccessibility of the Defendant ESA MGMT's Website has deterred Plaintiff from being able to patronize the Property.

23.    Plaintiff, and similarly situated individuals, encountered the following barriers on Defendants' Website, including but not limited to lack of photographs of the accommodations for persons with disabilities and no link to allow booking for an accessible accommodation.

24.    Defendant ESA P Portfolio's failure to design, construct, maintain, and/or operate its Website to be fully accessible to and independently useable by Plaintiff and other persons similarly situated, has denied equal access to the goods, services, facilities, privileges, advantages and/or accommodations offered to non-disabled persons throughout the world.

25.    Defendant ESA MGMT's failure to design, construct, maintain, and/or operate its Website to be fully accessible to and independently useable by Plaintiff and other persons similarly

situated, has denied equal access to the goods, services, facilities, privileges, advantages and/or accommodations offered to non-disabled persons throughout the world.

26.    Defendant ESA P Portfolio's construction and maintenance of the Website that is inaccessible to a protected class member is/was with knowledge of the discrimination; is/was sufficiently intuitive or obvious of its inaccessibility to a protected class member; and/or Defendant failed to remediate these access barriers in the face of substantial harm and discrimination to a protected class member.

27.    Defendant ESA MGMT's construction and maintenance of the Website that is inaccessible to a protected class member is/was with knowledge of the discrimination; is/was sufficiently intuitive or obvious of its inaccessibility to a protected class member; and/or Defendant failed to remediate these access barriers in the face of substantial harm and discrimination to a protected class member.

28.    Defendant ESA P Portfolio's denial of full and equal access to its Website, and thus the denial of its products and services offered to all, constitutes a violation of Plaintiff's civil liberties under the ADA, ADAAG, FL ADAIA, WCAG, and the Rehabilitation Act.

29.    Defendant ESA MGMT's denial of full and equal access to its Website, and thus the denial of its products and services offered to all, constitutes a violation of Plaintiff's civil liberties under the ADA, ADAAG, FL ADAIA, WCAG, and the Rehabilitation Act.

30.    The lack of the navigation links of the Defendant ESA P Portfolio's Website that disclose the specific accommodations required by Plaintiff and those similarly situated, makes it impossible for Plaintiff to determine whether the Property offers suitable accommodation for Plaintiff's disability.

31.    The lack of the navigation links of the Defendant ESA MGMT's Website that disclose the specific accommodations required by Plaintiff and those similarly situated, makes it

impossible for Plaintiff to determine whether the Property offers suitable accommodation for Plaintiff's disability.

32.     Unless the Defendant ESA P Portfolio is enjoined to bring the Website into ADA compliance, because the Plaintiff's disabilities, Plaintiff will be restricted and/or limited in the future unless and until Defendant ESA P Portfolio is compelled to remedy the ADA, ADAAG, FL ADAIA, WCAG and/or the Rehabilitation Act violations that exist, including those set forth in the Complaint filed herein.

33.     Unless the Defendant ESA MGMT is enjoined to bring the Website into ADA compliance, because the Plaintiff's disabilities, Plaintiff will be restricted and/or limited in the future unless and until Defendant ESA MGMT is compelled to remedy the ADA, ADAAG, FL ADAIA, WCAG and/or the Rehabilitation Act violations that exist, including those set forth in the Complaint filed herein.

34.     Because Defendant ESA P Portfolio's Website is not equally accessible to persons with disabilities, it violates the ADA, ADAAG, FL ADAIA, WCAG, and/or the Rehabilitation Act; therefore Plaintiff seeks an injunction to cause a change in Defendant ESA P Portfolio's policies, practices and procedures so that Defendant ESA P Portfolio's Website will become and remain accessible to disabled consumers. This Complaint also seeks attorney's fees, costs and litigation expenses for Plaintiff having been subjected to unlawful discrimination.

35.     Because Defendant ESA MGMT's Website is not equally accessible to persons with disabilities, it violates the ADA, ADAAG, FL ADAIA, WCAG, and/or the Rehabilitation Act; therefore Plaintiff seeks an injunction to cause a change in Defendant ESA MGMT's policies, practices and procedures so that Defendant ESA MGMT's Website will become and remain accessible to disabled consumers. This Complaint also seeks attorney's fees, costs and litigation expenses for Plaintiff having been subjected to unlawful discrimination.

36.     Plaintiff will return within 90 days after service of this Complaint to revisit the Website and to partake of the community and business offerings.

37.     Plaintiff encountered barriers, identified herein to the extent possible, and as a result, suffered mental and/or physical harm and will continue to suffer such harm as a direct and proximate result of Defendant ESA P Portfolio's violation of the ADA, ADAAG, FL ADAIA, WCAG, and/or the Rehabilitation Act.

38.     Plaintiff encountered barriers, identified herein to the extent possible, and as a result, suffered mental and/or physical harm and will continue to suffer such harm as a direct and proximate result of Defendant ESA MGMT's violation of the ADA, ADAAG, FL ADAIA, WCAG, and/or the Rehabilitation Act.

39.     Plaintiff's harm includes, but is not limited to discrimination, embarrassment, humiliation, distress, and anxiety.

40.     Defendant ESA P Portfolio has discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations of the Property as prohibited by the ADA, ADAAG, FL ADAIA, WCAG, and/or the Rehabilitation Act, and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant ESA P Portfolio is compelled to remove all physical barriers that exist on the Website/Property and make the Website/Property accessible to and useable by person with disabilities, including Plaintiff.

41.     Defendant ESA MGMT has discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations of the Property as prohibited by the ADA, ADAAG, FL ADAIA, WCAG, and/or the Rehabilitation Act, and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant ESA MGMT is compelled

to remove all physical barriers that exist on the Website/Property and make the Website/Property accessible to and useable by person with disabilities, including Plaintiff.

42.   The removal of the barriers, dangerous conditions, and ADA, ADAAG, FL ADAIA, WCAG, and/or the Rehabilitation Act violations is readily achievable and does not constitute an undue burden to remedy the same.

43.   Any and all conditions precedent to this action have been fulfilled, performed or waived; specifically, between March 29, 2019 and April 8, 2019, the undersigned performed a diligent search of online public records, and according to those records, the Defendant ESA P Portfolio has not registered nor been sued for the violations described herein.

44.   Any and all conditions precedent to this action have been fulfilled, performed or waived; specifically, between March 29, 2019 and April 8, 2019, the undersigned performed a diligent search of online public records, and according to those records, the Defendant ESA MGMT has not registered nor been sued for the violations described herein.

45.   Plaintiff has suffered actual discrimination and unless Defendant ESA P Portfolio is immediately enjoined from continuing non-compliance with the ADA, ADAAG, FL ADAIA, WCAG, and the Rehabilitation Act, Plaintiff will continue to suffer irreparable injury.

46.   Plaintiff has suffered actual discrimination and unless Defendant ESA MGMT is immediately enjoined from continuing non-compliance with the ADA, ADAAG, FL ADAIA, WCAG, and the Rehabilitation Act, Plaintiff will continue to suffer irreparable injury.

47.   Plaintiff is without adequate remedy at law and is suffering irreparable injury, and reasonably anticipates that Plaintiff will continue to suffer irreparable harm unless and until Defendant ESA P Portfolio is required to remove the barriers, dangerous conditions, and ADA, ADAAG, FL ADAIA, WCAG, and/or the Rehabilitation Act violations that exist at the Website/Property, including those set forth herein.

48.     Plaintiff is without adequate remedy at law and is suffering irreparable injury, and reasonably anticipates that Plaintiff will continue to suffer irreparable harm unless and until Defendant ESA MGMT is required to remove the barriers, dangerous conditions, and ADA, ADAAG, FL ADAIA, WCAG, and/or the Rehabilitation Act violations that exist at the Website/Property, including those set forth herein.

49.     Given Defendant ESA P Portfolio's conduct, apparent intention, and persistent non-compliance with the ADA, ADAAG, FL ADAIA, WCAG, and/or the Rehabilitation Acts, Plaintiff needs and is entitled to injunctive relief.

50.     Given Defendant ESA MGMT's conduct, apparent intention, and persistent non-compliance with the ADA, ADAAG, FL ADAIA, WCAG, and/or the Rehabilitation Acts, Plaintiff needs and is entitled to injunctive relief.

51.     The requested injunction is reasonably necessary to protect the legal rights of the Plaintiff and others similarly situated and will have no adverse effect of the public welfare.

52.     Plaintiff has retained the undersigned counsel to commence and prosecute this action. Plaintiff is entitled to injunctive relief compelling Defendant ESA P Portfolio to bring the Website/Property into compliance, where readily achievable, with the ADA, ADAAG, FL ADAIA, WCAG, and/or the Rehabilitation Act; an award of reasonable attorney's fees, costs, and expenses from Defendant ESA P Portfolio that were incurred by prosecuting this action.

53.     Plaintiff has retained the undersigned counsel to commence and prosecute this action. Plaintiff is entitled to injunctive relief compelling Defendant ESA MGMT to bring the Website/Property into compliance, where readily achievable, with the ADA, ADAAG, FL ADAIA, WCAG, and/or the Rehabilitation Act; an award of reasonable attorney's fees, costs, and expenses from Defendant ESA MGMT that were incurred by prosecuting this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Honorable Court to find that the Defendants' ESA P Portfolio and ESA MGMT Website and/or Property violated the ADA, ADAAG, FL ADAIA, WCAG, and/or the Rehabilitation Act; that the remedies are readily achievable without undue hardship and are reasonable accommodations; enjoin the Defendants from continuing discriminatory practices; order Defendants to remove the barriers of access; alter the Website/Property to accommodate persons with disabilities and/or alter the subject Website/Property to make it accessible to and useable by Plaintiff and other individuals with disabilities to the extent required by the law; award Plaintiff's attorney reasonable attorney's fees, costs and expenses incurred; and to grant such other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all issues triable by jury.

## SPOLIATION DEMAND

Plaintiff demands that the Defendants preserve all documents, tangible things, and electronically stored information (ESI) potentially relevant to the issues in this cause. Defendants as used in this Demand refer to ESA P Portfolio, LLC and ESA Management, LLC, and its predecessors, successors, parents, subsidiaries, divisions, or affiliates, and their respective officers, directors, agents, attorneys, accountants, employees, partners, or other persons occupying similar positions or performing similar functions. This demand includes, but is not limited to, the suspension of features of Defendants' information systems and devices, that, in routine operation, operate to cause loss of potentially relevant ESI. Examples of such features include the purging of contents of email repositories by age, capacity, or other criteria, using data wiping devices or

services, over-writing, erasing or destroying back-up media, reassigning, reimaging or disposing

of systems, servers, and devices.

**Dated April 8, 2019**

Respectfully submitted,

MCDONALD & MINCE, PLLC

_/s/ Melissa Gilkey Mince_____
Melissa G. Mince, Esq. / FBN: 546230
Email: mmince@mcdonaldandmincelaw.com
Tel: 727- 687-9707
Layla K. McDonald, Esq. / FBN: 11308
Email: lmcdonald@mcdonaldandmincelaw.com
Tel: 727-667-2269
801 West Bay Drive, Suite 113
Largo, Florida 33770
Secondary Email: eserve@mcdonaldandmincelaw.com

Filing # 91151334 E-Filed 06/14/2019 05:22:14 PM

IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

ARIANE BRYAN,
        Plaintiff,

v.                            Case No.: 19-002807-CO

ESA P PORTFOLIO, LLC, a foreign limited
liability company d/b/a EXTENDED STAY
AMERICA; ESA MANAGEMENT, LLC, a
foreign limited liability company d/b/a
EXTENDED STAY AMERICA; Unknown
Defendant #1; and Unknown Defendant #2,
        Defendant(s),
_____/

## AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL, PRESERVATION OF EVIDENCE AND INSPECTION

Plaintiff ARIANE BRYAN by and through undersigned counsel hereby sues Defendant(s), ESA P PORTFOLIO, LLC, a foreign limited liability company d/b/a EXTENDED STAY AMERICA, ESA MANAGEMENT, LLC, a foreign limited liability company d/b/a EXTENDED STAY AMERICA, Unknown Defendant #1, and Unknown Defendant #2, and alleges as follows:

### Introduction

1.      Plaintiff brings this action to stop the marginalization of vision impaired and/or mobility impaired patrons, and otherwise end such ongoing civil rights violations that Defendant(s) ESA P PORTFOLIO, LLC, a foreign limited liability company d/b/a EXTENDED STAY AMERICA (hereinafter "ESA P Portfolio"), ESA MANAGEMENT, LLC, a foreign limited liability company d/b/a EXTENDED STAY AMERICA (hereinafter "ESA Management"), has/have committed against persons with disabilities throughout the United States and globe, by seeking temporary and permanent injunctive relief to correct Defendants' policies and practices to include measures necessary to ensure compliance with State and Federal laws and provide

1

***ELECTRONICALLY FILED 06/14/2019 05:22:14 PM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

accessible auxiliary aids and services for effective communication with Defendants' business, which includes its Website (defined below), such that Plaintiff and others similarly situated can readily and effectively access, equally and fully enjoy all of the rights and privileges vital to public life, and/or otherwise communicate with Defendants without unnecessary and unlawful barriers, impediments, hindrances, difficulties, blockages, prohibitions, deterrents, hurdles, discrimination, obstacles, disadvantages, encumbrances and delays.

## JURISDICTION/VENUE/PARTIES/DEMANDS

2.     This action is commenced pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* (hereinafter "ADA"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter "ADAAG"), in conjunction and alternatively with Chapter 553 of the Florida Statutes, commonly known as the Florida Americans with Disabilities Accessibility Implementation Act (hereinafter "FL ADAIA"), the Web Content Accessibility Guidelines 2.1, as amended (hereinafter "WCAG") and/or Chapter 86 of the Florida Statutes.

3.     This Court has subject matter jurisdiction over this action pursuant to § 34.01 of the Florida Statutes for claims arising under the ADA, ADAAG, FL ADAIA, WCAG and/or §86.011, Fla. Stat.  Conjunctively and/or alternatively, the U.S. District Court for the Middle District of Florida has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 for claims arising under the ADA.

4.     Venue is proper pursuant to § 47.011 of the Florida Statutes because it is the county where the Defendant(s) conduct(s) business, where the cause of action accrued, and/or the situs of the property that is the subject of this action.  Conjunctively and/or alternatively, venue is proper in the Middle District of Florida, pursuant to 28 U.S.C. § 1391.  Assignment to the Tampa Division is appropriate pursuant to Rule 1.02 of the Local Rules of the United States District Court

because it is the county having the greatest nexus with the action, with due regard to the where the cause of action accrued and the situs of the subject property.

5.      Plaintiff, ARIANE BRYAN, resides in Marietta, Georgia, is *sui juris* and disabled or qualified disabled, as defined by the ADA, ADAAG, FL ADAIA and/or WCAG (hereinafter "Plaintiff").

6.      Plaintiff suffers from disability as defined by the ADA and FL ADAIA due to mobility impairment, including but not limited to the use of a wheelchair and is limited in one or more major life activities by being unable to adequately traverse obstacles and/or walk without assistance. Additionally, Plaintiff suffers from visual loss and impairment arising from diabetic retinopathy.

7.      Defendant ESA P Portfolio conducts and/or transacts business under the laws of the state of Florida, and otherwise operates within the jurisdiction of this Court.

8.      Defendant ESA P Portfolio is the owner, lessee, lessor and/or operator of commercial property and improvements, commonly known as the Extended Stay America, located at 2311 Ulmerton Road, Clearwater, Florida 33762 (hereinafter "Property").

9.      Defendant ESA P Portfolio is the owner, operator, sponsor, publisher, promoter and/or otherwise has an interest in, or is the beneficiary of, the website https://www.extendedstayamerica.com/hotels/fl/tampa/carillon-park and https://www.extendedstayamerica.com/accessibility (hereinafter "Website"), which acts as an electronic storefront that provides access to worldwide consumers an array of goods and services, including but not limited to the ability to view images of the Property, accommodations and amenities, learn about the surrounding community, book a reservation, and other exclusive features.

3

10.     Defendant ESA Management conducts and/or transacts business under the laws of the state of Florida, and otherwise operates within the jurisdiction of this Court.

11.     Defendant ESA Management is the owner, lessee, lessor and/or operator of commercial property and improvements, commonly known as the Extended Stay America, located at 2311 Ulmerton Road, Clearwater, Florida 33762 (hereinafter "Property").

12.     Defendant ESA Management is the owner, operator, sponsor, publisher, promoter and/or otherwise has an interest in, or is the beneficiary of, the website https://www.extendedstayamerica.com/hotels/fl/tampa/carillon-park and https://www.extendedstayamerica.com/accessibility (hereinafter "Website"), which acts as an electronic storefront that provides access to worldwide consumers an array of goods and services, including but not limited to the ability to view images of the Property, accommodations and amenities, learn about the surrounding community, book a reservation, and other exclusive features.

13.     The Website, which is an integral part of Defendant ESA P Portfolio's and ESA Management's business, is used to (a) promote the Property's unique features; (b) attract people from all over the world to enjoy its Property, accommodations and amenities, including but not limited to beach access and/or dining experience(s) at the Property and/or surrounding areas, exploring nearby attractions and shopping; (c) view features of particular room accommodations; and (d) make reservations online.  As such, the Website itself is a place of public accommodation subject to all of the requirements of the ADA, ADAAG, FL ADAIA, and/or WCAG.

14.     Through the use of the Website, the Defendants ESA P Portfolio and ESA Management offer information to the public concerning the Property and/or surrounding areas of interest, and otherwise targets or solicits business from persons located throughout the world for

4

pecuniary gain. Although the Website provides to the public at large a wide array of goods, services, facilities, privileges, advantages, and/or accommodations offered by said Defendants, the Website contains barriers that make it difficult, if not impossible, for persons with disabilities to view all of the ADA accessible options and/or complete a transaction on its Website for ADA accommodation.

15.    The ADA and FL ADAIA require companies providing services to the general public to make their services equally, fully and independently accessible to people with disabilities, such as the Plaintiff.

16.    Pursuant to Rule 1.430 of the Florida Rules of Civil Procedure, Plaintiff demands trial by jury on all such justiciable issues alleged herein. Conjunctively and/or alternatively, Plaintiff demands trial by jury on all such justiciable issues alleged herein pursuant to Rule 38 of the Federal Rules of Civil Procedure.

17.    Pursuant to Rule 1.380 of the Florida Rules of Civil Procedure and/or Rule 37 (e) of the Federal Rules of Civil Procedure, Plaintiff demands that the Defendant ESA P Portfolio and ESA Management and its predecessors, successors, parents, subsidiaries, divisions, affiliates, and any other related entity, together with its respective officers, directors, agents, attorney's accountants, employees, partners or other persons occupying similar positions or performing similar functions, preserve its Website, all documents, tangible things, and electronically stored information (hereinafter "ESI") relevant or potentially relevant to the issues in this action, including but not limited to the suspension of features of said Defendants' information systems and devices that in routine operation, operate to cause loss of relevant or potentially relevant ESI such as features that purge contents of email repositories by age, capacity, or other criteria, use of

data wiping devices or services, over-writing, erasing or destroying back-up media, reassigning, reimaging or disposing of systems, servers, devices and content.

18.    Pursuant to Rule 1.350 of the Florida Rules of Civil Procedure and/or Rule 34 of the Federal Rules of Civil Procedure, Plaintiff seeks and is entitled to entry upon the Property and/or autonomous, forensic access to the Website for inspection and other lawful purposes.

19.    Plaintiff will visit the subject Property and/or revisit the subject Website within ninety (90) days after service of the Amended Complaint to ensure ADA, ADAAG, FL ADAIA, and/or WCAG compliance.

### Allegations Common to All Counts

20.    Unlike mobility and/or visually disabled individuals, a business, such as Defendants ESA P Portfolio and ESA Management can decide to create or benefit from a physical and/or virtual environment free of barriers, which is inclusive for all members of the public, including the Plaintiff, or instead create zones of discrimination that excludes persons with disabilities, such as Plaintiff, by failing to take readily achievable measures to provide accessibility, auxiliary aids and services to its Property and/or Website.

21.    The World Wide Web/Internet has become an invaluable information super highway, a portal and tool for conducting transactions and allows people to travel and experience an array of things, which may be cultural, commercial, personal, and/or transcendent, and each virtual ramp off that super highway guides people and lets individuals inquire and/or compare information from cooperating and/or competing interests so that one may learn about varying interests, including travel, planning a vacation, purchasing sundries, booking a reservation at an Airbnb, travel inn, vacation rental, motel, hotel, resort or other public lodging facility in order to enjoy places of public accommodations.

6

22.    Florida, and Tampa Bay Area in particular, attracts people for a number of reasons, including but not limited to its weather, theme parks, wildlife, beaches, restaurants, retailers, museums, concert halls, theater, sporting events, and otherwise invites people to tour within the state and/or area.

23.    Because the internet has become a significant source of valuable information, the international Websites Standards Organization and World Wide Web consortium published well-established guidelines, namely the WCAG, for web content accessibility to people with disabilities and are universally followed by most business entities and governmental agencies.    These guidelines are readily available via the internet so that a business designing a website can easily access the standards and provide several basic components to incorporate into the website so that persons with disability may have accessibility.

24.    At various times in March 2019, Plaintiff visited or attempted to access the Defendants ESA P Portfolio's and ESA Management's Website to assess whether Defendants' Property was suitable for Plaintiff's accommodations because Plaintiff desires to tour the area, has friends in the area, and/or seeks relocation in the area; however, Plaintiff encountered barriers with Defendants' Website/Property in violation of the ADA, ADAAG, FL ADAIA and/or WCAG, which precludes Plaintiff from patronizing Defendants' establishment and has otherwise deterred Plaintiff from being able to use and enjoy Defendants' public accommodations.    The inaccessibility of Defendants' Property and/or Website has caused undue burden, hardship, and delay in Plaintiff's travel plans, which are and can be easily remedied by Defendants.

25.    Defendant ESA P Portfolio's Property and/or Website are places of public accommodation within the definitions of the ADA, ADAAG, FL ADAIA, and/or WCAG, and is/are not exempt.

7

26.    Defendant ESA Management's Property and/or Website are places of public accommodation within the definitions of the ADA, ADAAG, FL ADAIA, and/or WCAG, and is/are not exempt

27.    Defendant ESA P Portfolio, excludes mobility and/or visually impaired people from its Property and/or Website in violation of the ADA, ADAAG, FL ADAIA and/or WCAG because it offers numerous goods, services, facilities, privileges, advantages, accommodations, amenities, and activities to most customers at the click of a mouse.  However, said Defendant and/or its Website fails to provide one or more visual depictions of its ADA and FL ADAIA features such that Plaintiff is unable to determine whether the Property has adequate ADA accommodations at Defendant's Property and/or Defendant's Website and applications are incorrectly coded for use by Plaintiff.

28.    Defendant ESA Management, excludes mobility and/or visually impaired people from its Property and/or Website in violation of the ADA, ADAAG, FL ADAIA and/or WCAG because it offers numerous goods, services, facilities, privileges, advantages, accommodations, amenities, and activities to most customers at the click of a mouse.  However, said Defendant and/or its Website fails to provide one or more visual depictions of its ADA and FL ADAIA features such that Plaintiff is unable to determine whether the Property has adequate ADA accommodations at Defendant's Property and/or Defendant's Website and applications are incorrectly coded for use by Plaintiff.

29.    Defendant ESA P Portfolio's disparate treatment of Plaintiff's access to view, communicate or otherwise interact with Defendant, its Property and/or Website, constitutes violations of the ADA, ADAAG, FL ADAIA, and/or WCAG.  Specifically, non-disabled people

can point and click a mouse to view the particular accommodations, amenities, goods and services offered by said Defendant; whereas, disabled people cannot.

30.     Defendant ESA Management's disparate treatment of Plaintiff's access to view, communicate or otherwise interact with Defendant, its Property and/or Website, constitutes violations of the ADA, ADAAG, FL ADAIA, and/or WCAG. Specifically, non-disabled people can point and click a mouse to view the particular accommodations, amenities, goods and services offered by said Defendant; whereas, disabled people cannot.

31.     When websites and applications are incorrectly coded, like Defendants' ESA P Portfolio and ESA Management visually impaired users, such as Plaintiff, are excluded from the content and services available.

32.     Websites and applications can easily and readily be imbedded with images and/or coded to be useable by people with limited mobility and sight, such as Plaintiff.

33.     Despite readily available technology that would render Defendants' ESA P Portfolio and ESA Management Website accessible to persons with disabilities, Defendants choose to exclude these users and other potential users similarly situated on the basis of disability.

34.     Defendant ESA P Portfolio excludes people with disabilities, such as the Plaintiff, from the full and equal participation in the growing internet economy that is increasingly a fundamental part of the common marketplace and daily living. In the wave of technological advances, which is constantly evolving, technology is becoming an increasingly prominent part of everyday life, allowing persons otherwise excluded to be included, and to fully, independently enjoy and pursue life, liberty and happiness through equal access to goods, services, facilities, privileges, advantages, and accommodations. The lack of equal participation, for which said Defendant is charged herein, violates and disrupts fundamental concepts of Constitutional

9

guarantees afforded to all persons seeking full, equal and independent access to reasonable accommodations without unlawful impediment, hindrance, barrier and segregation.

35.    Defendant ESA Management excludes people with disabilities, such as the Plaintiff, from the full and equal participation in the growing internet economy that is increasingly a fundamental part of the common marketplace and daily living. In the wave of technological advances, which is constantly evolving, technology is becoming an increasingly prominent part of everyday life, allowing persons otherwise excluded to be included, and to fully, independently enjoy and pursue life, liberty and happiness through equal access to goods, services, facilities, privileges, advantages, and accommodations. The lack of equal participation, for which said Defendant is charged herein, violates and disrupts fundamental concepts of Constitutional guarantees afforded to all persons seeking full, equal and independent access to reasonable accommodations without unlawful impediment, hindrance, barrier and segregation.

36.    Defendant ESA P Portfolio uses standards, criteria or methods of administration that have a chilling effect, discriminatory effect, or perpetration of discrimination on the Plaintiff and a protected class of citizens.

37.    Defendant ESA Management uses standards, criteria or methods of administration that have a chilling effect, discriminatory effect, or perpetration of discrimination on the Plaintiff and a protected class of citizens.

38.    Because of Defendant ESA P Portfolio's denial of full and equal access to, enjoyment of, and communication with, its goods, services, facilities, privileges, advantages, and accommodations, Plaintiff and others similarly situated has suffered, and continues to suffer, an injury in fact, which is concrete and particularized, present, actual and a direct result of said Defendant's conduct or omission.

39.    Because of Defendant ESA Management's denial of full and equal access to, enjoyment of, and communication with, its goods, services, facilities, privileges, advantages, and accommodations, Plaintiff and others similarly situated has suffered, and continues to suffer, an injury in fact, which is concrete and particularized, present, actual and a direct result of said Defendant's conduct or omission.

40.    Readily achievable remedies exist without presenting undue hardship upon the Defendants ESA P Portfolio and ESA Management and with reasonably immediate implementation would provide equal offering to all, promote common purpose, and offer mutually beneficial opportunities.

41.    A direct nexus exists between the Defendant ESA P Portfolio, its Property and/or Website because said Defendant owns, operates, leases, leases to, operates, has a pecuniary interest in or is the beneficiary of, via contractual, licensing, or other arrangements, its Property and/or Website, and otherwise directly or indirectly diverts and/or hijacks internet traffic to its Property and/or Website for purposes of attracting, enticing, and soliciting consumers from a global marketplace, including individuals with disabilities such as Plaintiff.

42.    A direct nexus exists between the Defendant ESA Management, its Property and/or Website because said Defendant owns, operates, leases, leases to, operates, has a pecuniary interest in or is the beneficiary of, via contractual, licensing, or other arrangements, its Property and/or Website, and otherwise directly or indirectly diverts and/or hijacks internet traffic to its Property and/or Website for purposes of attracting, enticing, and soliciting consumers from a global marketplace, including individuals with disabilities such as Plaintiff.

43.    Congress provided a clear national mandate for the elimination of discrimination against individuals with disabilities when it enacted the ADA and Florida's congress incorporated and expanded this mandate when it enacted the FL ADAIA.  Such discrimination includes barriers to full integration, independent living, and equal opportunity for persons with disabilities, and for which those barriers created by inaccessible online content and services in places of public accommodation, such as Defendants ESA P Portfolio and ESA Management, its Property and/or Website, and applications.

44.    Plaintiff has authorized undersigned counsel to commence and prosecute this action on her behalf to stop marginalization of disabled and/or qualified disabled persons committed by Defendants ESA P Portfolio and ESA Management which have violated those certain civil and unalienable rights protected by the Constitution of the United State of America, the Constitution of the State of Florida, together with further congressional enactments, including the ADA, ADAAG, FL ADAIA, and/or implementational guidelines from the Department of Justice and/or WCAG, among others.  Pursuant to statute, Plaintiff is entitled to immediate temporary and permanent injunctive relief to prevent the present, continued, and future discrimination and discriminatory practices so evidenced by Defendants ESA P Portfolio and ESA Management, its Property and/or Website as described herein.

## COUNT I
### (Civil Rights Violation of Title III of the Americans with Disabilities Act)

45.    Plaintiff realleges and incorporates paragraphs 1 through 44 as if fully set forth herein.

12

46.    Pursuant to Title III, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operated a place of public accommodation." 42 U.S.C. § 12182(a).

47.    Public accommodations are prohibited from subjecting "an individual or class of individuals on the basis of a disability ... directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity." 42 U.S.C. § 12182(b)(1)(A)(i).

48.    In addition to Title III's prohibition of denial-of-participation, no public accommodation may "afford an individual or class of individuals, on the basis of disability ... directly, or through contractual licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals." 42 U.S.C. § 12182(b)(1)(A)(ii).

49.    Separate is not equal and discrimination includes "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services[.]" 42 U.S.C. § 12182(b)(2)(A)(iii).  Defendant ESA P Portfolio's disparate treatment of persons who are not disabled or qualified disabled from persons who are disabled or qualified disabled violate State and Federal law, and such discrimination must cease.

50.    Separate is not equal and discrimination includes "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of

13

auxiliary aids and services[.]" 42 U.S.C. § 12182(b)(2)(A)(iii). Defendant ESA Management's disparate treatment of persons who are not disabled or qualified disabled from persons who are disabled or qualified disabled violate State and Federal law, and such discrimination must cease.

51.    Defendant ESA P Portfolio's Property and/or Website is/are place(s) of public accommodation as defined by the ADA and FL ADAIA because it is, or is part of a place of exhibition, entertainment, sales or a rental establishment.

52.    Defendant ESA Management's Property and/or Website is/are place(s) of public accommodation as defined by the ADA and FL ADAIA because it is, or is part of a place of exhibition, entertainment, sales or a rental establishment.

53.    Auxiliary aids and services include "effective methods of making visually delivered materials available to individuals with visual impairments" such as, for example, images of particularized ADA compliant accommodations, provide text alternatives for non-text content pursuant to WCAG 1.1.1, add label element(s) that surround control's label(s), set attribute on label element to the same value as the id attribute of the control and/or add title attribute to input element or create element that contains input element pursuant to WCAG 1.3.1, ensure distinguishable separation of foreground and background/ sufficient color contrast pursuant to WCAG 1.4.3, resizable text pursuant to WCAG 1.4.4, ensure keyboard functionality pursuant to WCAG 2.1.1, provide useable navigation pursuant to WCAG 2.4.4, ensure readable and understandable content and/or valid language code pursuant to WCAG 3.1.1, add label text pursuant to WCAG 3.3.2, provide conforming ARIA attributes to valid values pursuant to WCAG 4.1.1 and 4.1.2, provide unique IDs of active elements pursuant to 4.1.1, provide frames with title attributes pursuant to WCAG 2.4.1 and/or other WCAG specifications.

14

54.    Defendant ESA P Portfolio including its Property and/or Website, failed to comply with ADA, ADAAG, FL ADAIA and/or WCAG criteria in violation of general prohibition against discrimination for individuals with disabilities and the specific requirement(s) concerning public accommodations.

55.    Defendant ESA Management including its Property and/or Website, failed to comply with ADA, ADAAG, FL ADAIA and/or WCAG criteria in violation of general prohibition against discrimination for individuals with disabilities and the specific requirement(s) concerning public accommodations.

56.    Unless the Court enjoins Defendant ESA P Portfolio from its engagement and continued engagement in these discriminatory practices, Plaintiff and those similarly situated suffer will continue to suffer irreparable harm.

57.    Unless the Court enjoins Defendant ESA Management from its engagement and continued engagement in these discriminatory practices, Plaintiff and those similarly situated suffer will continue to suffer irreparable harm.

58.    As a result of Defendant ESA P Portfolio's wrongful conduct, Plaintiff, and those similarly situated, is/are entitled to injunctive relief pursuant to State and Federal law to remedy the discrimination.  Pursuant to the FL ADAIA and ADA, Plaintiff's attorney is entitled to her reasonable attorney's fees, costs and litigation expenses.

59.    As a result of Defendant ESA Management's wrongful conduct, Plaintiff, and those similarly situated, is/are entitled to injunctive relief pursuant to State and Federal law to remedy the discrimination.  Pursuant to the FL ADAIA and ADA, Plaintiff's attorney is entitled to her reasonable attorney's fees, costs and litigation expenses.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court prohibit Defendants ESA P Portfolio, LLC, a foreign limited liability company d/b/a Extended Stay America and ESA Management, LLC, a foreign limited liability company d/b/a Extended Stay America from spoliation of evidence pursuant to Rule 37(e) Federal Rules of Civil Procedure; require said Defendants to allow inspection of its Property and Website pursuant to Rule 34 Federal Rules of Civil Procedure; grant trial by jury on all issues so justiciable pursuant to Rule 38 Federal Rules of Civil Procedure; determine that Defendants' Website and/or Property is in violation of the ADA, ADAAG, FL ADAIA and/or WCAG; issue an injunction requiring said Defendants to comply with the ADA, ADAAG, FL ADAIA and/or WCAG with regard to its Website and/or Property, and otherwise prohibit said Defendants from continuing its discriminatory practices; award reasonable attorney's fees, costs, and litigation expenses; and grant Plaintiff further relief it deems appropriate in the premises.

**COUNT II**
**(Civil Rights Violation of Chapter 553, Florida Statutes)**

60.     Plaintiff realleges and incorporated paragraphs 1 through 44 and 53 as if fully set forth herein, and makes the following additional allegations in the alternative.

61.     The Florida Congress adopted and incorporated the ADA and ADAAG, as amended, and otherwise expanded its definitions of public accommodation for the inclusion of disabled persons in public places.

62.     The FL ADAIA guarantees all people within the jurisdiction of Florida, no matter what their disabilities, the full and equal accommodations, advantages, facilities, privileges and services of all business establishments.

63.     Defendant ESA P Portfolio, a foreign limited liability company, owns a business establishment and place of public accommodation within the meaning of the FL ADAIA.

64.    Defendant ESA Management, a foreign limited liability company, owns a business establishment and place of public accommodation within the meaning of the FL ADAIA.

65.    Through the subject Website, Defendants ESA P Portfolio and ESA Management offer people within the jurisdiction of Florida Defendant's goods, services, accommodations, advantages and privileges of its Property.

66.    Because Defendants ESA P Portfolio and ESA Management have failed and continue to provide full and equal access to its/their services, aids, auxiliary aids, accommodations, advantages, facilities, and privileges offered to non-disabled persons, Defendants' actions are in violation of the FL ADAIA, ADA, ADAAG, and/or WCAG.

67.    Plaintiff is entitled to injunctive relief remedying the herein-alleged discrimination under the FL ADAIA.

68.    Pursuant to the FL ADAIA and ADA, Plaintiff's attorney is entitled to reasonable attorney's fees, costs and litigation expenses.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court prohibit Defendants ESA P Portfolio, LLC, a foreign limited liability company d/b/a Extended Stay America and ESA Management, LLC, a foreign limited liability company d/b/a Extended Stay America from spoliation of evidence pursuant to Rule 1.380 Florida Rules of Civil Procedure; require said Defendants to allow inspection of its Property and Website pursuant to Rule 1.350 Florida Rules of Civil Procedure; grant trial by jury on all issues so justiciable pursuant to Rule 1.430 Florida Rules of Civil Procedure; determine that said Defendants' Website and/or Property is in violation of the ADA, ADAAG, FL ADAIA and/or WCAG; issue an injunction requiring said Defendants to comply with the ADA, ADAAG, FL ADAIA and/or WCAG with regard to its Website and/or Property, and otherwise prohibit said Defendants from continuing its discriminatory practices;

17

award reasonable attorney's fees, costs, and litigation expenses; and grant Plaintiff such other and further relief it deems appropriate in the premises.

## DECLARATORY RELIEF

69.    Plaintiff realleges and reincorporates by reference the allegations contained in paragraphs 1 through 44, 53, 61, 62, and 66 as if fully set forth herein, and makes the following additional allegations in the alternative.

70.    An actual controversy has arisen and now exists between the parties in that Plaintiff contends and believes Defendant ESA P Portfolio, LLC, a foreign limited liability company d/b/a Extended Stay America, has violated the ADA, ADAAG, FL ADAIA, and/or WCAG, and said Defendant denies the same.

71.    An actual controversy has arisen and now exists between the parties in that Plaintiff contends and believes Defendant ESA Management, LLC, a foreign limited liability company d/b/a Extended Stay America, has violated the ADA, ADAAG, FL ADAIA, and/or WCAG, and said Defendant denies the same.

72.    A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

73.    A bona fide, actual, present practical need for a declaration exists.

74.    The declaration requested concerns a present, ascertained or ascertainable state of facts or present controversy as to a state of facts.

75.    A privilege or right of the Plaintiff is dependent upon the facts or the law applicable to the facts.

76.    The Plaintiff and Defendants ESA P Portfolio and ESA Management have an actual, present, adverse and antagonistic interest in the subject matter, either in law or in fact.

18

77.    The relief sought by the Plaintiff is not merely giving of legal advice or to answer questions propounded for curiosity.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court prohibit Defendants ESA P Portfolio, LLC a foreign limited liability company d/b/a Extended Stay America and ESA Management, LLC, a foreign limited liability company d/b/a Extended Stay America, from spoliation of evidence pursuant to Rule 1.380 Florida Rules of Civil Procedure and/or Rule 37(e) Federal Rules of Civil Procedure; require said Defendants to allow inspection of its Property and Website pursuant to Rule 1.350 Florida Rules of Civil Procedure and/or Rule 34 Federal Rules of Civil Procedure; grant trial by jury on all issues so justiciable pursuant to Rule 1.430 Florida Rules of Civil Procedure and/or Rule 38 Federal Rules of Civil Procedure; declare judgment setting forth the rights and duties of the parties herein; determine that Defendants ESA P Portfolio's and ESA Management's Website and/or Property was/were in violation of the ADA, ADAAG, FL ADAIA and/or WCAG at the time this action commenced; issue an injunction requiring said Defendants to comply with the ADA, ADAAG, FL ADAIA and/or WCAG with regard to its Website and/or Property, and otherwise prohibit said Defendants from continuing its discriminatory practices; award reasonable attorney's fees, costs, and litigation expenses; and grant such other and further relief it deems appropriate in the premises.

DATED: June 14, 2019          Respectfully submitted,

MCDONALD & MINCE, PLLC
_/s/ Layla K. McDonald_____
Layla K. McDonald, Esq. / FBN: 11308
Email: lmcdonald@mcdonaldandmincelaw.com
Tel: 727-667-2269
Melissa G. Mince, Esq. / FBN: 546230
Email: mmince@mcdonaldandmincelaw.com
Tel: 727- 687-9707
801 West Bay Drive, Suite 113
Largo, Florida 33770
Secondary Email: eserve@mcdonaldandmincelaw.com

19

IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

ARIANE BRYAN,
           Plaintiff,

vs.                                               Case No.:

ESA P Portfolio, LLC, a foreign limited liability
company d/b/a Extended Stay America; ESA
Management, LLC, a foreign limited liability
company d/b/a Extended Stay America;
Unknown Defendant #1; and
Unknown Defendant #2,
           Defendant(s).

_____/

**SUMMONS**

THE STATE OF FLORIDA
To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition
in this action on defendant:

      ESA Management, LLC, a foreign limited liability
      company d/b/a Extended Stay America
      **% NRAI SERVICES, INC, as Registered Agent**
      **1200 SOUTH PINE ISLAND ROAD**
      **PLANTATION, FL 33324**

**IMPORTANT**

      A lawsuit has been filed against you. You have **20 calendar days** after this summons is
served on you to file a written response to the attached complaint with the Clerk of this Court,
located at 315 Court Street, Clearwater, Florida 33756. **A phone call will not protect you**. Your
written response, including the case number given above and the names of the parties, must be
filed if you want the court to hear your side of the case. If you do not file your response on time,
you may lose the case, and your wages, money, and property may thereafter be taken without
further warning from the court. There are other legal requirements. You may want to call an
attorney right away. If you do not know an attorney, you may call an attorney referral service or a
legal aid office (listed in the phone book).

      If you choose to file a written response yourself, at the same time you file your written
response to the court you must also mail or take a copy of your written response to the
"Plaintiff/Plaintiff's Attorney" named below:

MELISSA MINCE, ESQUIRE
McDonald & Mince, PLLC
801 West Bay Drive, Suite 113
Largo, Florida 33770
Primary Email: mmince@mcdonaldandmincelaw.com
Secondary Email: eserve@mcdonaldandmincelaw.com
Alternate Email: lmcdonald@mcdonaldandmincelaw.com

**You must keep the Clerk of the Circuit Court's office notified of your current address. You may file a Notice of Current Address. Future papers in this lawsuit will be mailed to the address on record at the Clerk's office.**

DATED on _____APR 09 2019_____, 20____.

KEN BURKE, CPA
CLERK OF THE CIRCUIT COURT



By: _Janai Smith_____
As Deputy Clerk

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene **20 dias**, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. **Una llamada telefonica no lo protegera**. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante):

MELISSA MINCE, ESQUIRE
McDonald & Mince, PLLC
801 West Bay Drive, Suite 113
Largo, Florida 33770
Primary Email: mmince@mcdonaldandmincelaw.com
Secondary Email: eserve@mcdonaldandmincelaw.com
Alternate Email: lmcdonald@mcdonaldandmincelaw.com

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez **20 jours** consecu-tifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. **Un simple coup de telephone est insuffisant pour vous proteger**. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egale-ment, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous:

MELISSA MINCE, ESQUIRE
McDonald & Mince, PLLC
801 West Bay Drive, Suite 113
Largo, Florida 33770
Primary Email: mmince@mcdonaldandmincelaw.com
Secondary Email: eserve@mcdonaldandmincelaw.com
Alternate Email: lmcdonald@mcdonaldandmincelaw.com

KEN BURKE CLERK CIRCUIT COURT
315 Court Street
Clearwater, Pinellas County, FL 33756-5165

IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

ARIANE BRYAN,
                 Plaintiff,
vs.                                                            Case No.:

ESA P Portfolio, LLC, a foreign limited liability
company d/b/a Extended Stay America; ESA
Management, LLC, a foreign limited liability
company d/b/a Extended Stay America;
Unknown Defendant #1; and
Unknown Defendant #2,
                 Defendant(s).
_____/

## **SUMMONS**

THE STATE OF FLORIDA
To Each Sheriff of the State:

       YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant:

       ESA P Portfolio, LLC, a foreign limited liability
       company d/b/a Extended Stay America
       **% NRAI SERVICES, INC, as Registered Agent**
       **1200 SOUTH PINE ISLAND ROAD**
       **PLANTATION, FL 33324**

## **IMPORTANT**

       A lawsuit has been filed against you. You have **20 calendar days** after this summons is served on you to file a written response to the attached complaint with the Clerk of this Court, located at 315 Court Street, Clearwater, Florida 33756. **A phone call will not protect you**. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

       If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below:

MELISSA MINCE, ESQUIRE
McDonald & Mince, PLLC
801 West Bay Drive, Suite 113
Largo, Florida 33770
Primary Email: mmince@mcdonaldandmincelaw.com
Secondary Email: eserve@mcdonaldandmincelaw.com
Alternate Email: lmcdonald@mcdonaldandmincelaw.com

**You must keep the Clerk of the Circuit Court's office notified of your current address. You may file a Notice of Current Address. Future papers in this lawsuit will be mailed to the address on record at the Clerk's office.**

DATED on _____APR 09 2019_____, 20____.



KEN BURKE, CPA
CLERK OF THE CIRCUIT COURT

By: _Janai Smith_____
As Deputy Clerk

## **IMPORTANTE**

Usted ha sido demandado legalmente. Tiene **20 dias**, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. **Una llamada telefonica no lo protegera**. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante):

MELISSA MINCE, ESQUIRE
McDonald & Mince, PLLC
801 West Bay Drive, Suite 113
Largo, Florida 33770
Primary Email: mmince@mcdonaldandmincelaw.com
Secondary Email: eserve@mcdonaldandmincelaw.com
Alternate Email: lmcdonald@mcdonaldandmincelaw.com

## **IMPORTANT**

Des poursuites judiciares ont ete entreprises contre vous. Vous avez **20 jours** consecu-tifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. **Un simple coup de telephone est insuffisant pour vous proteger**. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egale-ment, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous:

MELISSA MINCE, ESQUIRE
McDonald & Mince, PLLC
801 West Bay Drive, Suite 113
Largo, Florida 33770
Primary Email: mmince@mcdonaldandmincelaw.com
Secondary Email: eserve@mcdonaldandmincelaw.com
Alternate Email: lmcdonald@mcdonaldandmincelaw.com

KEN BURKE CLERK CIRCUIT COURT
315 Court Street
Clearwater, Pinellas County, FL 33756-5165

## VERIFIED RETURN OF SERVICE

| State of Florida | County of Pinellas | County Court |
|---|---|---|

Case Number: 19-002807-CO

Plaintiff:
**ARIANE BRYAN**

vs.

Defendant:
**ESA P PORTFOLIO LLC, A FOREIGN LIMITED LIABILITY COMPANY DBA EXTENDED STAY AMERICA; ESA MANAGEMENT, LLC A FOREIGN LIMITED LIABILITY COMPANY DBA EXTENDED STAY AMERICA; UNKNOWN DEFENDANT #1 AND UNKNOWN DEFENDANT #2**

RLJ2019008514

For:
MCDONALD & MINCE, LLC
801 W. Bay Dr., Ste 113
Largo, FL 33770

Received by Robert L Jones, Inc on the 18th day of June, 2019 at 12:11 pm to be served on **ESA MANAGEMENT LLC A FOREIGN LIMITED LIABILITY COMPANY DBA EXTENDED STAY AMERICA, C/O NRAI SERVICES INC, AS REGISTERED AGENT, 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324.**

I, Warren Sua, do hereby affirm that on the **19th day of June, 2019** at **1:35 pm, I:**

served a **CORPORATION** by delivering a true copy of the **SUMMONS, CIVIL COVER SHEET, COMPLAINT AND DEMAND FOR JURY TRIAL, AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL PRESERVATION OF EVIDENCE AND INSPECTION** with the date and hour of service endorsed thereon by me, to: **NRAI Services- Donna Moch as Supervisor/ Authorized To Accept Service** for **ESA MANAGEMENT LLC A FOREIGN LIMITED LIABILITY COMPANY DBA EXTENDED STAY AMERICA**, at the address of: **1200 SOUTH PINE ISLAND RD, PLANTATION, FL 33324**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 50+, Sex: F, Race/Skin Color: WHITE, Height: 5'3", Weight: 140, Hair: DARK BROWN, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the jurisdiction which the process was served. Under penalty of perjury, I declare that I have read the foregoing Affidavit of Service and that the facts stated in it are true.                                                              NOTARY NOT REQUIRED PURSUANT TO  F.S.92.525(2).

**Warren Sua**
SPS#1547

**Robert L Jones, Inc**
**509 Virginia Lane**
**Clearwater, FL 33764**
**(727) 442-9269**

Our Job Serial Number: RLJ-2019008514

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.1c

## VERIFIED RETURN OF SERVICE

| State of Florida | County of Pinellas | County Court |
|---|---|---|

Case Number: 19-002807-CO

Plaintiff:
**ARIANE BRYAN**

vs.

Defendant:
**ESA P PORTFOLIO LLC, A FOREIGN LIMITED LIABILITY COMPANY DBA
EXTENDED STAY AMERICA; ESA MANAGEMENT, LLC A FOREIGN LIMITED
LIABILITY COMPANY DBA EXTENDED STAY AMERICA; UNKNOWN DEFENDANT
#1 AND UNKNOWN DEFENDANT #2**

**RLJ2019008515**

For:
MCDONALD & MINCE, LLC
801 W. Bay Dr., Ste 113
Largo, FL 33770

Received by Robert L Jones, Inc on the 18th day of June, 2019 at 12:11 pm to be served on **ESA P PORTFOLIO, LLC A
FOREIGN LIMITED LIABILITY COMPANY DBA EXTENDED STAY AMERICA, C/O NRAI SERVICES INC, AS REGISTERED
AGENT, 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324**.

I, Warren Sua, do hereby affirm that on the **19th day of June, 2019** at **1:35 pm, I:**

served a **CORPORATION** by delivering a true copy of the **SUMMONS, CIVIL COVER SHEET, COMPLAINT AND DEMAND FOR
JURY TRIAL, AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL
PRESERVATION OF EVIDENCE AND INSPECTION** with the date and hour of service endorsed thereon by me, to: **NRAI
Services- Donna Moch as Supervisor/ Authorized To Accept Service** for **ESA P PORTFOLIO, LLC A FOREIGN LIMITED
LIABILITY COMPANY DBA EXTENDED STAY AMERICA**, at the address of: **1200 SOUTH PINE ISLAND RD, PLANTATION, FL
33324**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 50+, Sex: F, Race/Skin Color: WHITE, Height: 5'3", Weight: 140, Hair: DARK BROWN,
Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing,
in the jurisdiction which the process was served. Under penalty of perjury, I declare that I have read the foregoing Affidavit of
Service and that the facts stated in it are true.                                                   NOTARY NOT
REQUIRED PURSUANT TO  F.S.92.525(2).

**Warren Sua**
SPS#1547

**Robert L Jones, Inc
509 Virginia Lane
Clearwater, FL 33764
(727) 442-9269**

Our Job Serial Number: RLJ-2019008515

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.1c

Case Number:19-002807-CO

Filing # 87638009 E-Filed 04/08/2019 03:40:26 PM

FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075.

I.    CASE STYLE

IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

ARIANE BRYAN,
          Plaintiff,
vs.                                                    Case No.:

ESA P Portfolio, LLC, a foreign limited liability
company d/b/a Extended Stay America; ESA
Management, LLC, a foreign limited liability
company d/b/a Extended Stay America;
Unknown Defendant #1; and
Unknown Defendant #2,
          Defendant(s).
_____/

II.    TYPE OF CASE
(If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an "x" in both the main category and subcategory boxes.

          Condominium
          Contracts and indebtedness
          Eminent domain
          Auto negligence
          Negligence – other
          Business governance
          Business torts
          Environmental/Toxic tort
          Third party indemnification
          Construction defect
          Mass tort
          Negligent security
          Nursing home negligence
          Premises liability – commercial
          Premises liability – residential

Products liability
Real Property/Mortgage foreclosure
Commercial foreclosure $0 - $50,000
Commercial foreclosure $50,001 - $249,999
Commercial foreclosure $250,000 or more
Homestead residential foreclosure $0 – $50,000
Homestead residential foreclosure $50,001 - $249,999
Homestead residential foreclosure $250,000 or more
Non-homestead residential foreclosure $0 - $50,000
Non-homestead residential foreclosure $50,001 - $249,999
Non-homestead residential foreclosure $250,00 or more
Other real property actions $0 - $50,000
Other real property actions $50,001 - $249,999
Other real property actions $250,000 or more

Professional malpractice
Malpractice – business
Malpractice – medical
Malpractice – other professional
Other
Antitrust/Trade Regulation
Business Transaction
Constitutional challenge-statute or ordinance
Constitutional challenge-proposed amendment
Corporate Trusts

**X**     **Discrimination-employment or other**
Insurance claims
Intellectual property
Libel/Slander
Shareholder derivative action
Securities litigation
Trade secrets
Trust litigation

III.     REMEDIES SOUGHT (check all that apply):
         Monetary;
**X**     **Non-monetary declaratory or injunctive relief;**
         Punitive
IV.     NUMBER OF CAUSES OF ACTION: ( 1 )
         (Specify) _Civil Rights - Americans with Disabilities Act_____

V.      IS THIS CASE A CLASS ACTION LAWSUIT?
         Yes
**X** ·   **No**

VI.     HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?

X    No
     Yes – If "yes" list all related cases by name, case number and court:

_____

VII.    IS JURY TRIAL DEMANDED IN COMPLAINT?
X    Yes
     No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature: _/s/ Melissa Gilkey Mince_____        Fla. Bar # _546230_____
Attorney or Party                                                              (if attorney)


__Melissa Gilkey Mince_____        Date:_4/8/2019_____
Type or print name

Skip to Main Content   Logout   My Account   Search Menu   Refine Search   Back        Location : Pinellas County   Help

# REGISTER OF ACTIONS
### CASE NO. 19-002807-CO



| | | |
|---|---|---|
| **ARIANE BRYAN Vs. ESA P PORTFOLIO LLC, et al** | §<br>§<br>§<br>§<br>§<br>§<br>§ | Case Type: **OTHER CIVIL - COUNTY**<br>Date Filed: **04/08/2019**<br>Location: **Section 42**<br>Judicial Officer: **CARASSAS, JOHN**<br>UNIFORM CASE NUMBER: **522019CC002807XXCOCO** |

---

## PARTY INFORMATION

**Attorneys**

**DEFENDANT**    **ESA MANAGEMENT LLC  A FOREIGN
LIMITED LIABILTY COMPANY  *DOING
BUSINESS AS*  EXTENDED STAY AMERICA**
11525 N. COMMUNITY HOUSE RD., SUITE
100
CHARLOTTE, NC 28277

**DEFENDANT**    **ESA P PORTFOLIO LLC  A FOREIGN
LIMITED LIABILITY COMPANY  *DOING
BUSINESS AS*  EXTENDED STAY AMERICA**
11525 N. COMMUNITY HOUSE RD., SUITE
100
CHARLOTTE, NC 28277

**DEFENDANT**    **UNKNOWN DEFENDANT 1**

**DEFENDANT**    **UNKNOWN DEFENDANT 2**

**PLAINTIFF**    **BRYAN, ARIANE**                                              **LAYLA K MCDONALD**

                                                                      MCDONALD & MINCE PLLC
                                                                      801 WEST BAY DRIVE
                                                                      SUITE 113
                                                                      LARGO, FL 33770
801 WEST BAY DRIVE
LARGO, FL 33770                                                       727-687-9707(W)

                                                                      MELISSA GILKEY MINCE

                                                                      MCDONALD AND MINCE
                                                                      PLLC
                                                                      801 W BAY DR STE 113
                                                                      LARGO, FL 33770

                                                                      727-667-2269(W)

---

## EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 06/24/2019 | **AFFIDAVIT-SERVICE OF PROCESS** | **Doc # 6** |
| | *061919* | |
| | Party: ESA P PORTFOLIO LLC | |
| 06/24/2019 | **AFFIDAVIT-SERVICE OF PROCESS** | **Doc # 7** |
| | *061919* | |
| | Party: ESA MANAGEMENT LLC | |
| 06/14/2019 | **AMENDED COMPLAINT** | **Doc # 5** |
| | *BY PLTF* | |
| 04/08/2019 | **CIVIL COVER SHEET - E-FILED** | **Doc # 1** |
| 04/08/2019 | **COMPLAINT**    **Doc # 2** | |

| 04/08/2019 | SUMMONS TO BE ISSUED | **Doc # 3** |
| | *ISSUED* | |
| | Party:  ESA P PORTFOLIO LLC | |
| 04/08/2019 | SUMMONS TO BE ISSUED | **Doc # 4** |
| | *ISSUED* | |
| | Party:  ESA MANAGEMENT LLC | |

## FINANCIAL INFORMATION

**PLAINTIFF** BRYAN, ARIANE



Court Ordered — *Click Here!*
Pay Now!    Fines, Fees, Costs?

| | |
|---|---|
| Total Financial Assessment | 320.00 |
| Total Payments and Credits | 320.00 |
| **Balance Due as of 07/10/2019** | **0.00** |

| 04/09/2019 | Transaction Assessment | | | 320.00 |
| 04/09/2019 | E-FILE PAYMENT | Receipt # EF-2019-13770 | BRYAN, ARIANE | (320.00) |